# In the United States Court of Federal Claims

No. 18-266T
Filed: October 19, 2020[1]

| | |
|---|---|
| **SILVER STATE SOLAR POWER SOUTH, LLC,** | |
| | *Plaintiff,* |
| **v.** | |
| **THE UNITED STATES,** | |
| | *Defendant.* |

## ORDER

**TAPP, Judge.**

On June 5, 2020, the United States filed a Motion *in Limine* (Def.'s Mot. in. Lim., ECF No. 51) seeking to exclude various portions in 13 of the 16 declarations used as appendices to Silver State's opposition to the United States' Motion for Summary Judgment (Pl.'s Resp. Summ. J., ECF No. 46). For the reasons stated below, United States' Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The United States objects to Silver State's reliance on fact witness testimony presented in declarations submitted with its opposition to the United States' motion for partial summary judgment. *See* RCFC 56(c)(2) (providing that, in response to summary judgment briefing, "[a] party may object that material cited to support . . . a fact cannot be presented in a form that would be admissible in evidence"). The purpose of a motion *in limine* is to "to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters. Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." *INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 302–03 (1996); *see also Dairyland Power Coop. v. United States*, 123 Fed. Cl. 220, 222 (2015).

The United States asserts that Silver State's declarations contain statements which purport to offer expert opinion by a lay witness, as well as statements that purport to explain, analyze, or decide legal concepts. The Court will address those arguments in turn.

---

[1] This Order was originally filed under seal on September 18, 2020, (ECF No. 54). The Court provided parties the opportunity to review this opinion for any proprietary, confidential, or other protected information and submit proposed redactions no later than October 19, 2020. The Joint Status Report of October 19, 2020 (ECF No. 56), indicates that the parties propose no redactions. Thus, the sealed and public versions of this Order are identical, except for the publication date and this footnote.

I.        *Acceptable testimony under Federal Rule of Evidence 701*

The United States repeatedly objects to statements of lay witnesses based on perceptions gathered in the course of their business. The jurisprudence concerning lay witness testimony offered by employees within a particular industry warrants a more comprehensive discussion.

Generally, Federal Rules of Evidence (Fed. R. Evid.) 701 and 702 govern the admissibility of opinion testimony offered by lay witnesses and expert witnesses respectively. While the line between lay witness opinion testimony and expert witness testimony is not always clear, drawing such a distinction is vital in ensuring disclosure requirements are properly applied. The United States' arguments relate specifically to witnesses who are offering expert opinion as lay witnesses. Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on a witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue;
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. If a witness's testimony fails to meet any one of the three foundational requirements, it is inadmissible. *See id.* In contrast, Rule 702, which governs the requirements of expert testimony, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *United States v. Henderson*, the 11th Circuit held that the "essential difference" between expert and lay opinion witnesses is the expert's ability to answer hypothetical questions. 409 F.3d 1293, 1300 (11th Cir. 2005) (internal alteration, quotation marks, and citation omitted).

"The burden is on the proponent to provide adequate foundation for the testimony." *United States v. Freeman*, 730 F.3d 590, 595–96 (6th Cir. 2013) (citing *United States v. Grinage*, 390 F.3d 746, 749 (2d Cir. 2004)). Thus, many declarations are constrained by the requirements of Rule 701—that a lay witness is only permitted to give their opinion or interpretation of an event when they have some personal knowledge of that incident. The objective of such testimony

is to put "the trier of fact in possession of an accurate reproduction of the event." *Id.* at 595 (quoting Advisory Committee Notes to Fed. R. Evid. 701). Said differently, lay opinion testimony is permitted under Rule 701 because it has the effect of describing something that the fact finder could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event. *Id.* at 597 (quoting *United States v. Jayyousi*, 657 F.3d 1085, 1120 (11th Cir. 2011) (Barkett, J., concurring in part and dissenting in part)). This recognizes the reality that "eyewitnesses sometimes find it difficult to describe the appearance or relationship of persons, the atmosphere of a place, or the value of an object by reference only to objective facts." *United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005). Accordingly, Rule 701 permits witnesses "to testify to their personal perceptions in the form of inferences or conclusory opinions." *Id.* (citing Advisory Committee Notes on 1972 Proposed Rules and on 2000 Amendments and 4 Weinstein's Federal Evidence § 701.03[4][b]).

The 2000 Advisory Committee Notes to Rule 701 state: "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" (internal citation omitted). Sometimes, lay witness testimony about specialized matters may display the hallmarks of testimony normally offered by experts. This issue has been addressed in other cases before this Court. For instance, *DataMill, Inc. v. United States*, 91 Fed. Cl. 722 (2010), involved testimony by lay witnesses gained through their day-to-day experiences in the field. There, the Court concluded:

> The general application of Rule 701 indicates that a lay witness may testify about facts within his or her range of generalized knowledge, experience, and perception." The opinion "must have a rational connection to those facts." Where the testimony is based upon personal knowledge of the facts underlying the opinion and the opinion is rationally related to the facts, a lay witness may, "under certain circumstances[,] express an opinion even on matters appropriate for expert testimony.

91 Fed. Cl. at 736 (internal citations omitted).

The statements at issue here elicit the declarants' personal observations based upon their experience within the solar power development industry. This type of lay testimony is permissible under Rule 701. The fact that a witness has specialized knowledge does not necessarily preclude the witness from testifying under Rule 701, but the testimony must not be "rooted exclusively in [the witness's] expertise . . ." *Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004) (excluding testimony of an employee assigned to investigate defendant when the testimony reflected the employee's specialized knowledge in international banking rather than knowledge gained in the course of his investigatory work); *Teen–Ed, Inc. v. Kimball Int'l*, 620 F.2d 399, 402–03 (3d Cir. 1980) (explaining "[t]he fact that [the witness] might have been able to qualify as an expert witness on the use of accepted accounting principles in the calculation of business losses should not have prevented his testifying on the basis of his knowledge of appellant's records about how lost profits could be calculated from the data contained therein"). The Federal Circuit, in *Union Pacific Resources Co. v. Chesapeake Energy Corp.*, recognized that lay opinion testimony based upon extensive experience in an industry is admissible under Rule 701 and permitted eight witnesses with experience in the drilling industry

to testify based on their own personal experiences as employees of major oil drilling companies. 236 F.3d 684, 693 (Fed. Cir. 2001); *see also Farner v. Paccar, Inc.,* 562 F.2d 518, 529 (8th Cir. 1977).

More recently, in *RP1 Fuel Cell, LLC v. United States*, 120 Fed. Cl. 288 (2015), the Court ruled that the testimony of lay witnesses for companies seeking investment tax credit grants for equipment associated with fuel cell power plants was admissible, since witnesses did not testify outside of the range of their personal knowledge and work experience as employees and owner of companies. *RP1 Fuel Cell* discusses the multitude of other cases within the Court of Federal Claims that analyzed the same issue, including *DataMill*:

> In *Global Computer Enterprises, Inc. v. United States*, a decision by the United States Court of Federal Claims, the court discussed whether or not lay witness opinion testimony "'from individuals with decades of experience'" working in information technology would be acceptable. *See Global Computer Enter., Inc. v. United States*, 88 Fed. Cl. at 65. The judge concluded that, "[a]s the Federal Circuit recognized in *Union Pacific Resources Co.,* lay opinion testimony based upon extensive experience in an industry is admissible under Rule 701." *Id.* at 67 (citing *Union Pac. Res. Co. v. Chesapeake Energy Corp.*, 236 F.3d at 693). The Global Computer Enterprises court allowed lay opinion testimony from the experienced professionals, noting that "[a]ll of the proffered opinions . . . are based upon circumstances they have observed or encountered within the industry and reflect a general knowledge of their work." *Id.* In *BPLW Architects & Engineers v. United States*, another judge of this court reiterated that a lay witness can testify on his or her "perception," as long as it is connected to their personal knowledge. *See BPLW Architects & Eng'rs, Inc. v. United States*, 106 Fed. Cl. 521, 545 (2012) (citing *DataMill, Inc. v. United States*, 91 Fed. Cl. at 734; and 1 McCormick on Evidence § 10 (6th ed. 2006) ("[A] witness may testify to an event or occurrence that he has seen himself, but not one that he knows only from the description of others.")).

120 Fed. Cl. at 319.

Here, both parties cite *RP1 Fuel Cell* but disagree as to its implication. The United States argues that lay witnesses (versus expert witnesses) are not permitted to rely on specialized knowledge or offer testimony that touch on "specialized topics" such as "valuation, identification of intangible assets, power purchase agreements, EPC agreements, accounting methods, and renewable energy transactions." (Def.'s Mot. in. Lim. at 4). In addition, the United States distinguishes *RP1 Fuel Cell* from this case, noting that *RPI Fuel Cell* involved a *post-trial* challenge to lay witness testimony, where the lay witnesses' testimony already had been admitted into the record at trial and opposing counsel had the opportunity to object to the live testimony. (Def.'s Rep. at 11, citing *RP1 Fuel Cell* at 290–91). The Court finds that this distinction immaterial. As Silver State correctly observes, *RP1 Fuel Cell* indicates that the industry-based testimony of Plaintiff's fact witnesses is permissible under Rule 701.

In coming to the same conclusion as *RP1 Fuel Cell,* the Court follows the numerous other jurisdictions that have reached the same conclusion. *See, e.g.*, *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143 (5th Cir. 2017) (holding lower court did not abuse its discretion by

4

allowing company president to testify as lay witness regarding training expenses since training expenses for employees was routine matter within witness's personal knowledge as company president); *Accurso v. Infra-Red Servs., Inc*., 169 F. Supp. 3d 612 (E.D. Pa. 2016) (holding lay opinion of employer's officer regarding former employee's damages was admissible; testimony was based on officer's perception, would be susceptible to cross-examination, and officer had 35 years of experience in industry); *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001 (8th Cir. 2008) (holding testimony of railroad employee regarding his understanding of relationship between railroad and its site leasing agent was relevant, and thus admissible since employee had personal knowledge of railroad billboard industry, his testimony was helpful to understanding of facts and issues in case, and testimony did not involve specialized scientific or technical knowledge); *United States v. Munoz-Franco,* 487 F.3d 25 (1st Cir. 2007) (holding bank officers did not testify beyond scope of personal knowledge by expressing lay opinion based on knowledge of business operations and practices  acquired during employment).

## II.     *Legal Conclusions and Opinions, Hearsay, and Foundation*

Under Rule 704, witnesses are expressly permitted to offer their opinions on ultimate issues. However, no witness, whether a fact or expert witness, is permitted to offer his or her own legal interpretation because it usurps the province of the Court to determine the law. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect, and thus it is not 'otherwise admissible.'" (internal citation omitted)); *Sparton Corp. v. United States*, 77 Fed. Cl. 1, 6 (2007) ("Plaintiff is not entitled to present its legal arguments from the witness stand in the guise of expert testimony and the weight of authority recommends exclusion of the testimony under these circumstances."). Matters of law are ultimately reserved for the Court. As such, any statement purporting to explain, analyze, or decide legal concepts, which are matters for the Court to decide, must be excluded.

Hearsay, which "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," Fed. R. Evid. 801(c), is not admissible unless an exception applies. Fed. R. Evid. 802; *see also* Fed. R. Evid. 803-804 (enumerating hearsay exceptions). Ultimately, statements not based upon a declarant's personal knowledge or contain hearsay are not admissible. *See, e.g., Vesom v. Atchison Hosp. Ass'n*, 279 Fed. App'x 624, 632-34 (10th Cir. 2008) (affirming the district court's determination to strike two affidavits because they were not based upon personal knowledge, contained inadmissible hearsay, or consisted of conclusory statements); *Amie v. El Paso Indep. Sch. Dist.*, 253 Fed. App'x 447, 452 (5th Cir. 2007) (determining that the district court did not abuse its discretion by striking an individual's affidavit that contained "no factual support for her personal knowledge"); *cf. Ryco Constr., Inc. v. United States*, 55 Fed. Cl. 184, 196 (2002) (striking portions of a declaration that contained legal conclusions but declining to strike portions pertaining to factual issues where the declarant had participated in discussions and made statements based upon personal knowledge). The Court will not consider statements based on hearsay unless it is readily apparent that an exception applies.

For testimony to be admissible, proper foundation must be laid as to the witness's personal knowledge, observations, and experience. Pursuant to Rule 602, a witness may testify to

a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. Fed. R. Evid. 602. The Court will not consider statements which lack a factual foundation.

III.   *Rulings*

**1. Roger Bredder**

Roger Bredder has been employed at First Solar, Inc. ("First Solar") since April 2011. (Pl.'s Resp. Summ. J., Ex. A at 41). Bredder's current title is Director, Business Origination Eastern United States; during the relevant time period for the Silver State Solar Power South ("SSSPS") project, Bredder was Director, N.A. Business Development. (*Id.*). Responsibilities of that position include client coverage and sales, selling solar modules, buying and selling development assets, and selling EPC services. (*Id.*).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "SSSPS was not engaged in any business activities when we sold all of the membership interests in SSSPS to NextEra in May 2014." (*Id.* at 48). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "There was no way NextEra would have paid | Foundation | Overruled. | As to the adequacy of foundation prior to this |

| | | | |
|---|---|---|---|
| hundreds of millions of dollars to First Solar unless and until they got appropriate value in return . . ..." (*Id.* at 53). | | | statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |
| ". . . the project company was not engaged in any business activities." . . . "A business did not exist." (*Id.* at 54). | Legal Conclusion; Expert Opinion. | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "Plaintiff's counsel has asked me to respond to the question whether the purchase price for the project assets transferred under the MIPSA was intentionally set at cost so that any excess value in those assets was paid under the EPC Agreement. The answer is no. As far as | Legal Opinion, Expert Opinion | Overruled. | This statement was made by an employee based on perceptions from their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve |

| | | | |
|---|---|---|---|
| I know, the MIPSA purchase price was always going to be set as a reimbursement of our development costs. This had been industry practice for many years." (*Id.*). | | | specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. However, the Court also finds that this statement requires an assessment of credibility of the declarant. Thus, while otherwise admissible, the Court will not consider its substance for purposes of summary judgment. |
| "I would add that it was very important, perhaps more so for NextEra, that the two agreements reflect payment for the specific items being delivered and for the specific obligations being assumed." (*Id.* at 55). | Expert Opinion, Foundation | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to |

| | | | |
|---|---|---|---|
| | | | be admissible. However, the Court also finds that this statement requires an assessment of credibility of the declarant. Thus, while otherwise admissible, the Court will not consider its substance for purposes of summary judgment. |
| "The buyer, on the other hand, would have a different view. They would not be so much concerned about our costs, but making sure that what they were paying for, when they were actually paying for it, had the value to them that was being reflected in those schedules. From NextEra's standpoint, they did not want to pay too much, too soon and be exposed if there was a default on the contract." (*Id.* at 58–59). | Expert Opinion, Foundation | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |
| "In my experience, the model was standard for a self-developed project like Silver State South – it is standard for First Solar and | Expert Opinion; Foundation[2] | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on |

___

[2] This statement is listed twice in Defendant's objections. Because it appears to be a scrivener's error, the Court will address it once.

| | | | |
|---|---|---|---|
| also in the industry." (*Id.* at 60). | | | perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |
| "In the [Investment Tax Credit] space, my understanding is the treatment of a project specific [Power Purchase Agreement] was fairly understood and settled." (*Id.* at 61). | Expert Opinion | Overruled. | This statement was made by an employee based on perceptions during their course of business based on their personal understanding. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I do not agree with the suggestion that a PPA has separate value apart from the power plant." (*Id.* at 63). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this |

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| | | | industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. Further, the Court finds that because this statement is applicable to the subject transaction as opposed to the industry, it will therefore be considered in that narrow sense. |
| "So I would not view the PPA as having any material value when we closed the sale of the project." (*Id.* at 64). | Expert Opinion | Sustained. | As to whether this statement qualifies as an expert opinion, this statement describes "material value" and therefore involves specialized scientific or technical knowledge which must be testified to by an expert witness. |

### 2. Max Gardner

Max Gardner was employed at First Solar from 2010 through April 3, 2020 and involved in the negotiations and transactions with NextEra regarding Silver State. (Pl.'s Resp. Summ. J., Ex. B at 1–2). Most recently, Gardner's title was Vice President of Financial Planning and Corporate Development, but Gardner was previously Manager of Project Finance, Director of Project Finance, and Vice President of Americas, Project Finance. (*Id.*).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "NextEra's goal was to achieve the lowest possible prices under the MIPSA and the EPC Agreement and to shift risk under those contracts to First Solar." (*Id.* at 7). | Foundation | Sustained. | As to the adequacy of foundation prior to this statement, the Court finds that an adequate foundation has not been laid allowing this statement to be admissible. This declarant cannot testify to the goals or thoughts of a company he was not employed by. |

| "The EPC Agreement is a mixed supply and services contract." (*Id.* at 9). | Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement, insomuch as it classifies types of contracts, purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. |
|---|---|---|---|
| "There is nothing extraordinary about this provision in the MIPSA . . . The EPC Agreement was in fact signed on the closing date but this does not mean that the MIPSA and the EPC Agreement were part of a single transaction." (*Id.* at 10). | Legal Conclusion, Expert Opinion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement, insomuch as it classifies whether the MIPSA and EPC Agreement were part of a single transaction, purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. |
| "That is, no party other than First Solar could have taken on the scope, risk, and timing elements of the EPC Agreement." (*Id.* at 11). | Expert Opinion | Sustained. | As to whether this statement qualifies as an expert opinion, this statement involves specialized scientific or technical knowledge which must be testified to by an expert witness. |
| "The fact that the MIPSA included adjustment information relevant to the EPC Price does not, in my view, make the two separate agreements a single transaction." (*Id.* at 12). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Specifically, whether the |

| | | | MIPSA and EPC Agreement were a part of a single transaction is an issue that must be decided by the Court. |
|---|---|---|---|
| "The MIPSA and the EPC Agreement were separate contracts that had separate purposes and timing." (*Id.*). | Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Specifically, whether the MIPSA and EPC Agreement were a part of a single transaction is an issue that must be decided by the Court. |
| "A Project Model is a common tool in the solar industry that is used to objectively adjust the EPC Price after the parties have reached agreement on the EPC Price and the return ("internal rate of return" or "IRR") required by the purchaser of the solar project." (*Id.* at 14). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "The acquisition was exempted, however, because substantially all of the assets held by SSSPS at the closing date and that were being acquired were exempt 'unproductive real property' pursuant to 16 C.F.R. § 802.2(c)." (*Id.* at | Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement attempts to apply or explain federal regulations and purports to explain, analyze, or decide legal concepts which must be determined by the Court |

| 18). | | | after consideration of all facts and evidence. |
|---|---|---|---|
| "The only amount that NextEra paid on account of the PPA was the $84,857 amount allocated to the PPA in Exhibit T to the MIPSA." (*Id.* at 20). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "NextEra paid only $84,857 on account of the PPA under the MIPSA, which was the agreed-upon cost that the parties allocated to the PPA under Exhibit T to the MIPSA." (*Id.* at 28). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "First Solar did not view the PPA as an 'above market' contract." (*Id.* at 29). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts |

| | | | |
|---|---|---|---|
| | | | and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "As I testified in my deposition, the interconnection agreement was not a source of revenue for the project. It represented an ongoing liability to the ultimate project owner (here, NextEra)." (*Id.* at 32). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "The LGIA for Silver State South had similar terms as other interconnection agreements entered into by First Solar and other developers during this period." (*Id.*). | Foundation; Expert Opinion; Legal Conclusion | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee |

| | | | had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |

### 3. Jaime Scarff

Jaime Scarff has been employed at NextEra Energy Resources, LLC, and its predecessor, FPL Group ("NextEra"). (Pl.'s Resp. Summ. J., Ex. C at 276). Scarff is currently Director of Development—Mergers and Acquisitions Distributed Generation. (*Id.*). At the time of the Silver State Project, Scarff was Project Director, Business Development. (*Id.* at 277).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "The MIPSA and the EPC Agreement were separately negotiated and had separate terms and conditions. They were not intended to and did not represent one project sale transaction, as I understand the Defendant is arguing. The two agreements represent two market contracts. They are the same types of agreements used in other acquisitions undertaken by NextEra and that are common in wind and solar transactions." (*Id.* at 280). | Foundation; Expert Opinion; Legal Conclusion | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and |

| | | | issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
|---|---|---|---|
| "There was nothing unique about this adjustment." (*Id.* at 281). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "The MIPSA purchase price and the EPC price were separately negotiated and represented separate pricing. The parties intended that the prices under the two contracts be separately determined and there was no total pricing or combined pricing." (*Id.*). | Legal Conclusion | Overruled in part and sustained in part. | As to whether this qualifies as a legal conclusion, the Court finds that the first sentence is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. However, the Court finds that the second sentence ("The parties intended that the prices under the two contracts be separately determined and there was |

| | | | |
|---|---|---|---|
| | | | no total pricing or combined pricing") purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. |
| "The Financial Model was typical for solar energy projects like Silver State South. There was nothing unique about the Financial Model that we used for Silver State South." (*Id.* at 282). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "It is typical in transactions like Silver State South . . ." (*Id.* at 283). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I have been advised by Plaintiff's counsel that the Defendant has asserted that the EPC price was determined using the | Foundation; Expert Opinion; Legal Conclusion | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's |

| | | | |
|---|---|---|---|
| Financial Model. That was not the case. The EPC price was separately and independently negotiated by our E&C group, namely Mr. Brannen, and then presented to First Solar as our offer for their EPC work. The EPC price was a negotiated number between the parties. Once the parties agreed to an EPC price, the Financial Model was used to capture assumptions underlying the EPC price, and make adjustments to the EPC price as we completed our diligence and made changes to the facility's design, output and underlying assumptions. In general, the adjustments under the Financial Model caused a reduction in the EPC price. I would add that from NextEra's perspective, we were interested in only one number in the Financial Model - the single cell that included the adjusted EPC price which was the amount we would have to pay to First Solar to build the power plant. For the avoidance of doubt, the Financial Model was not used to determine the EPC price as a function of a rate of return, but limited to determining EPC price adjustments as described above. We had our own internal model that calculated NextEra's return | | | role in the subject transaction or industry allowing this statement to be admissible. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |

| | | | |
|---|---|---|---|
| information and was more relevant for our purposes than First Solar's Financial Model." (*Id.* at 283–84). | | | |
| "I also have been advised that the Defendant has asserted that the Financial Model reflected Silver State South's "use of both tangible and intangible assets." I am not sure what that even means. If the suggestion is that the Financial Model included revenues for power sold under the PPA, every financial model in the industry includes this same information. The Financial Model related to the power plant that was to be built at Silver State South and the return generated by that plant. The purpose of the Financial Model was not to value the PPA or to reflect the "use" of the PPA." (*Id.*). | Expert Opinion | Overruled in part and sustained in part. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. However, the portion stating, "every financial model in the industry includes this same information," involves specialized scientific or technical knowledge which must be testified to by an expert witness. As such, that portion will not be considered by the Court. |

#### 4. Gregory Schneck

Gregory Schneck has been employed by NextEra since 1998. (Pl.'s Resp. Summ. J., Ex. C at 587). Schneck's current title is Vice President, Business Development Services; during the relevant transaction, Schneck was Vice President, Business Development, with responsibilities focused on developing solar energy properties. (*Id.* at 588).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "There was nothing uncommon from my perspective about the MIPSA and the EPC Agreement with respect to Silver State South." (*Id.* at | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their |

| | | | |
|---|---|---|---|
| 591). | | | course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I understand from Plaintiff's counsel that the Defendant has asserted that the MIPSA and the EPC Agreement for Silver State South were really one transaction that transferred the Silver State South project to NextEra. I disagree with that characterization. I considered them to be two separate transactions for a number of reasons." (*Id.* at 592). | Expert Opinion. | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. Based on the inapplicability of the specific objection, the statement is admissible. This ruling does not preclude objections made during the pendency of trial. |
| "The MIPSA is a common transaction and the terms of the MIPSA transaction in the case of Silver State South were consistent with other project acquisitions by NextEra- whether NextEra also hired the seller of the project as its EPC contractor (as was the case with Silver State South) or not." (*Id.* at 593). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in |

| | | | |
|---|---|---|---|
| | | | case and does not involve specialized scientific or technical knowledge. |
| "The reimbursement method used in the MIPSA for Silver State South was similar to other project sale transactions that I have worked on. This method was common." (*Id.* at 594). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I understand that the Defendant has pointed to the Project Financial Model used to set the EPC Price as evidence that the MIPSA and EPC Agreement represented one, combined purchase price for the project. I do not agree that the Project Financial Model had this significance." (*Id.* at 595). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I also understand that the Defendant has asserted that the Renewable Power Purchase and Sale Agreement ("PPA") between Southern California Edison Company ("SCE") and the project company should be treated as a separate | Legal Conclusion | Overruled. | As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. Based on |

| | | | |
|---|---|---|---|
| intangible asset and that additional value should be assigned to it over and above that assigned to it in the MIPSA. I disagree with the Defendant's assertion for multiple reasons." (*Id.* at 596). | | | the inapplicability of the specific objection, the statement is admissible. This ruling does not preclude objections made during the pendency of trial. |
| "In my experience, buyers would pay what we paid for the bundle of safe harbor modules, contracts, and permits that was transferred under the MIPSA." (*Id.* at 597). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I disagree with this assertion." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "All projects have risks, but Silver State South was more complicated than most projects." (*Id.* at 598). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on |

| | | | perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
|---|---|---|---|
| "In order to mitigate this risk, NextEra attempted to shift the Section 1603 risk to First Solar, as the developer of the project. The Section 1603 risk was similar to other risks associated with the Silver State South project that the parties negotiated and allocated between the owner and the developer/contractor. In this circumstance, First Solar agreed to accept a portion of the risk related to the Section 1603 grant – up to a $100 million cap – in the form of an indemnity. NextEra remained at risk for the remaining amounts of the grant for the project." (*Id.* at 603). | Foundation | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |
| "Tax indemnities are typical in the renewable energy industry. The risk allocation that the parties agreed upon in the Silver State South deal was not uncommon." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to |

| | | | clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |

### 5. Garth Henderson

Garth Henderson has been employed as an accountant for NextEra since June of 2002. (Pl.'s Resp. Summ. J., Ex. B at 62).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "NextEra's financial accounting books and records show that there is <u>not</u> an excess of total consideration over the aggregate book value of the tangible and intangible assets purchased in NextEra's acquisition of Silver State South." (*Id.* at 65) (emphasis in original). | Expert Opinion; Foundation | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |
| "Applying ASC 805 and the principles above, I concluded that NextEra's purchase of Silver State South was not a business combination because Silver State South was not a business as of May 23, 2014, the date that the sale of Silver State South closed. Specifically, at the | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts |

| | | | |
|---|---|---|---|
| time of its acquisition on May 23, 2014, construction of the Silver State South solar facility had not started; Silver State South was not capable of providing a return or other economic benefits to NextEra and would not be capable of providing a return or other economic benefits until construction of the solar facility was completed (not for another two years until 2016); and neither NextEra nor any other market participant would be capable of conducting or managing the assets acquired from First Solar as a business as of the May 23, 2014 acquisition date. As a result of my conclusion that Silver State South was not acquired as a business, the Silver State South sale was accounted for as an acquisition of a bundle of assets under ASC 805-50, *Business Combinations - Related Issues*." (*Id.* at 67–68). | | | and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "The total consideration is comprised of two amounts . . . For GAAP accounting purposes, contractual liabilities are treated as part of the total consideration under certain circumstances." (*Id.* at 69–70). | Expert Opinion | Overruled in part and sustained in part. | As to whether this statement qualifies as an expert opinion, the first portion of the statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and |

| | | | |
|---|---|---|---|
| | | | issues presented in case and does not involve specialized scientific or technical knowledge. However, the Court finds that the second portion ("For GAAP accounting purposes, contractual liabilities are treated as part of the total consideration under certain circumstances.") involves specialized scientific or technical knowledge which must be testified to by an expert witness. That portion of the statement will not be considered by the Court. |
| " . . . Those assets include both the tangible and intangible assets acquired in the acquisition but do not include any goodwill or going concern value." (*Id.* at 70). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "The PPA did not meet the | Expert Opinion | Overruled. | As to whether this |

| | | | |
|---|---|---|---|
| first criterion above because it was not separable." (*Id.* at 71). | | | statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "None of the total consideration was allocated to goodwill or going concern value because goodwill and going concern value did not exist in the acquisition of Silver State South. As stated above, NextEra treated the acquisition of Silver State South as the acquisition of a bundle of assets. NextEra did not treat the acquisition of Silver State South as a business combination involving the acquisition of a business. Therefore, there was no goodwill or going concern value recorded or recordable in NextEra's financial accounting books and records." (*Id.* at 71–72). | Expert Opinion; Legal Conclusion | Overruled in part and sustained in part. | As to whether this statement qualifies as an expert opinion, this statement was generally made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. However, the portion in the second sentence stating, "or recordable," involves specialized scientific or technical knowledge which must be testified to by an expert witness. As such, that portion will not be considered by the Court. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the |

| | | | regular course of business and does not purport to explain, analyze, or decide legal concepts. |
|---|---|---|---|
| "NextEra's financial accounting books and records reflect a bargain purchase . . . There was no goodwill or going concern value reflected in NextEra's financial accounting books or records." (*Id.* at 72). | Expert Opinion. | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Further, I am aware that Bill Brannen, who was NextEra's lead negotiator in the EPC negotiations, expressly disagreed with this statement." (*Id.* at 75). | Hearsay; Foundation; Expert Opinion | Sustained. | As to whether this statement constitutes inadmissible hearsay, the Court finds that this statement encompasses an out-of-court statement and is offered to prove the truth of the matter asserted. Further, as to the adequacy of foundation prior to this statement, the Court finds that an adequate foundation has not been laid allowing this statement to be admissible. |
| "I have no reason to disagree with Mr. Brannen's testimony or his analysis of the EPC Agreements for Silver State South and McCoy Solar." (*Id.*). | Hearsay; Expert Opinion | Overruled. | As to whether this statement constitutes inadmissible hearsay, the Court finds that this is not offered to prove the truth of the matter asserted. |

**6. William Brannen**

William Brannen recently retired from NextEra after having been employed there since 1979. (Pl.'s Resp. Summ. J., Ex. A at 1). Brannen was the lead negotiator for NextEra on the Engineering, Procurement, and Construction Agreement ("EPC Agreement"). (*Id.*).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "Those Assets have limited value without the construction of the associated power plant." (*Id.* at 6). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Thus the adjustment to the MIPSA was consistent with the parties' agreement and is typical for a MIPSA transaction . . . It is typical for the mechanics of the adjustment here. . . .." (*Id.* at 12). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Few, if any, were able to offer production guaranties like First Solar." (*Id.* at 13). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal |

| | | | |
|---|---|---|---|
| | | | knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "The fundamental misconception in the Defendant's view is that once the development stage is complete, the EPC risks are minimal, and a project necessarily will get constructed. This view is a gross mischaracterization. The consequences (what can be lost) in the development stage are low - hundreds of thousands of dollars. The consequences in the EPC stage are hundreds of millions and maybe a billion dollars." (*Id.* at 17). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "There is a well-known risk management concept known as "Low Probability, High Impact" or "LPHI" events that could happen. The allocation of risk associated with LPHI events is one of the most critical aspects of the negotiations with an EPC contractor. Any one of several possible occurrences presented LPHI risks that could have resulted in catastrophic cost and schedule impacts. These LPHI events can occur in the development | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |

| | | | |
|---|---|---|---|
| stage of the project, and their impact might result in termination of the project, but at a point where relatively little investment was at risk. Once the construction phase under the EPC Agreement begins, on the other hand, high-dollar commitments are at risk" (*Id.*). | | | |
| "As an illustration, the Defendant's focus on the PPA as a separate asset of extraordinary value ignores that the PPA cost about $85,000 – if the project does not get built, the developer or owner is out $85,000. Compare that to some of the examples that I highlighted in my deposition where NextEra ended up with a $60 million loss on a solar thermal plant because of a nine-month delay in construction. $85,000 versus $60 million brings some focus to the realities of development-stage risks versus the genuine EPC-stage risks." (*Id.* at 17–18). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "In the EPC business, there can be big swings, depending on what you discover, even with something that seems as straightforward as a PV solar facility." (*Id.* at 20). | Expert Opinion | Sustained. | As to whether this statement qualifies as an expert opinion, this statement testifies to the EPC industry as a while and involves specialized scientific or technical knowledge which must be testified to by an expert witness. |

| | | | |
|---|---|---|---|
| "Labor is a serious factor in the success or failure of a project . . .." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Defendant's 'trade or business' contention assumes that Silver State South facility would necessarily be built when NextEra closed on the sale of the project company and the development assets." (*Id.* at 20–21). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "Moreover, 'shovel ready' does not equate with the absence of risk. . .." (*Id.* at 21). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on |

| | | | perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
|---|---|---|---|
| "Second, the EPC Price had to stand on its own and reflect standard terms and conditions and market-based pricing." (*Id.* at 22). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Third, the MIPSA and the EPC Agreement had independent substance . . .." (*Id.*). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's |

| | | | opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
|---|---|---|---|
| "Defendant appears to have a fundamental misunderstanding of a fixed price EPC Agreement." (*Id.* at 23). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "This is a common construction industry practice." (*Id.* at 24). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| " . . . This is the nature of a fixed price EPC Agreement." (*Id.*) | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, |

| | | | |
|---|---|---|---|
| | | | their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "For this reason, the PPA contract itself involves a relatively low-risk investment." (*Id.* at 26). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "It is well known in the industry that many of the projects with those executed PPAs, at a very high percentage, failed | Foundation; Expert Opinion; Hearsay | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's |

| | | | |
|---|---|---|---|
| with no power ever being generated or sold." (*Id.*). | | | role in the subject transaction or industry allowing this statement to be admissible. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this statement constitutes inadmissible hearsay, the Court finds that this statement does not encompass an out-of-court statement and is not offered to prove the truth of the matter asserted. |
| "The EPC Price did not include any payout for the PPA – either stated or implied." (*Id.*). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Whether the EPC Price included payout for the PPA is a determination reserved for the Court. |
| " . . . Mr. Henderson's use of the McCoy Solar project . . . was not a valid market reference . . ." (*Id.* at 27). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an |

| | | | employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
|---|---|---|---|
| "There have been numerous times, in my experience, where the accountants' characterization of transactions is different than the realities of those transactions." (*Id.* at 28). | Foundation; Expert Opinion | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |

| "... typically there is a range of EPC prices." (*Id.* at 29). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| --- | --- | --- | --- |
| "Considering this information, there is independent confirmation by qualified parties that the EPC Price was a market price for Silver State South. If the EPC Price for Silver State South was at market for the EPC services First Solar was providing under the EPC Agreement, it is not clear to me how anyone could contend that NextEra was paying for something else under that agreement, namely some amount for an "above market" PPA that was acquired under a separate contract." (*Id.* at 30). | Legal Conclusion; Expert Opinion | Sustained in part and overruled in part. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that the first portion of this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. However, the Court finds that the latter portion of the second sentence ("... namely some amount for an "above market" PPA that was |

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| | | | acquired under a separate contract.") purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. This ruling does not preclude objections made during the pendency of trial. |
| "The Cash Grant Agreement in no way reflects a view by NextEra that any part of the EPC Price was a payment for the PPA or any other intangible asset." (*Id.* at 31). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |

### 7. Beth Deane

Beth Deane is Chief Counsel, Project Development at First Solar and provided legal support for development of the Silver State Solar project. (Pl.'s Resp. Summ. J., Ex. A at 122).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "In other words, SSS could not claim to have a firm and contractually-recognized source of | Legal Conclusion | Overruled. | As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the |

| | | | |
|---|---|---|---|
| revenue until [(Commercial Operation Date)] was achieved." (*Id.* at 124). | | | declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "Notwithstanding the deadline for achieving COD, the PPA required SSS to complete key development and transmission-related activities well in advance of the COD deadline . . .." (*Id.*). | Legal Conclusion; Expert Opinion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. This statement ultimately describes a document that speaks for itself. Contract interpretation is left to the discretion of the Court. |
| "Notwithstanding the COD deadline in the PPA, under Section 2.04(c)(v) of the PPA, SCE's 'Procurement Group' had the right to terminate the PPA if the SS project was not energized by December 31, 2016." (*Id.*). | Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. This statement ultimately describes a document that speaks for itself. Contract interpretation is left to the discretion of the Court. |
| "The rights of SCE's Procurement Group to terminate the PPA were not affected by the obligations of SCE's Transmission group to deliver transmission upgrades . . .." (*Id.*). | Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. This |

| | | | |
|---|---|---|---|
| | | | statement ultimately describes a document that speaks for itself. Contract interpretation is left to the discretion of the Court. |
| ". . . SCE's Transmission Group was only required to use 'reasonable efforts' to meet those deadlines; there was no impact on SCE if the deadlines were missed and no remedies for SSS if SCE's Transmission group failed to deliver the upgrades consistent with the estimated interconnection schedule." (*Id.* at 125). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. This statement ultimately describes a document that speaks for itself. Contract interpretation is left to the discretion of the Court. |
| "To be transformed into actual revenue, various risks that SSS did not control and that could have resulted in termination of the PPA, had to be eliminated. Only then could SS become a revenue generating business." (*Id.*). | Legal Conclusion; Expert Opinion | Overruled. | As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |

| | | | |
|---|---|---|---|
| "In addition to fundamental conditions, such as having transmission facilities built to allow the plant to be energized, the PPA also required the following conditions be met to achieve COD . . .." (*Id.* at 126). | Legal Conclusion; Expert Opinion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. This statement ultimately describes a document that speaks for itself. Contract interpretation is left to the discretion of the Court. |
| "Beyond the requirements to achieve COD, the PPA imposed other conditions on SSS before SSS could become a revenue generating business. Most notably, to lawfully make a sale of energy at the negotiated price set forth in the PPA, SSS had to obtain approval from the [FERC] . . . Any failure by SSS to comply with this obligation was an event of default under Section 6.01(c)(vii) of the PPA." (*Id.*). | Expert Opinion; Foundation; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. This statement ultimately describes a document that speaks for itself. Contract interpretation is left to the discretion of the Court. |
| "In addition, there were other potential hurdles that had to be overcome before SSS could become a revenue generating business . . . . In other words, the business of selling power under the SCE PPA did not become viable for SSS until it obtained FERC's approval to sell power at 'market-based' rates, as reflected by the negotiated PPA rate." | Legal Conclusion | Overruled in part and sustained in part. | As to whether this qualifies as a legal conclusion, the Court finds that the first statement statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. However, the Court finds that the second statement ("In other words, the business of selling power |

| | | | |
|---|---|---|---|
| (*Id.* at 127). | | | under the SCE PPA did not become viable for SSS until it obtained FERC's approval to sell power at 'market-based' rates, as reflected by the negotiated PPA rate.")  purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. |
| "Finally, with respect to evaluating the value of the PPA, it is important to understand that PPAs are typically specific to the project site and electric generating facility described in detail in the PPA." (*Id.* at 128). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "That meant that the SSS PPA, like other SCE PPAs could not be transferred to another site or project or sold to an entity that did not control the SSS site or project . . .. [T]he PPA would be have been | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all |

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| worthless." (*Id.*). | | | facts and evidence. This statement ultimately describes a document that speaks for itself. Contract interpretation is left to the discretion of the Court. |
| "Moreover, First Solar tested the provision in a typical SCE PPA that restricts sellers from changing sites. In particular, First Solar had a favorable PPA for a site located on land to be leased from a tribe in the Southwestern United States. It turned out that the land was not suitable for construction of the project, due to hydrology and other issues. In an effort to preserve the PPA, First Solar tried to move the project to an adjacent area within the tribe's reservation, but was not successful in convincing SCE to change the site. First Solar allowed the PPA to be terminated because the site could not be changed to make the project viable." (*Id.*). | Expert Opinion; Foundation | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |

### 8.  Steven Robertson

Steven Robertson was employed at First Solar, having previously served as Tax Manager, Tax Director, and interim head of tax in the tax department before becoming Vice President, Tax. (Pl.'s Resp. Summ. J., Ex. C at 1). During Robertson's tenure, Robertson's responsibilities included aspects of tax compliance and tax accounting. (*Id.*).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "Parties responding to the Section 1603 grant program were uncertain | Hearsay; Legal Conclusion | Overruled. | As to whether this statement constitutes inadmissible hearsay, the |

| | | | |
|---|---|---|---|
| regarding the IRS's and Treasury's intentions of the tax treatment of PPAs." (*Id.* at 4). | | | Court finds that this statement does not encompass an out-of-court statement and is not offered to prove the truth of the matter asserted. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "I did not view the proposed Silver State South transactions to involve the same fact pattern as the projects that had prompted NextEra's concerns." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "First Solar was compelled by Treasury to follow this approach because of the positions Treasury was taking in this time period – whether First Solar agreed with those positions or not. Although First Solar was disappointed with this result, I believe that First Solar had done exactly what we were recommended to do by Ms. | Expert Opinion; Hearsay | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve |

| | | | |
|---|---|---|---|
| Neubauer." (*Id.* at 6). | | | specialized scientific or technical knowledge. As to whether this statement constitutes inadmissible hearsay, the Court finds that this statement does not encompass an out-of-court statement and is not offered to prove the truth of the matter asserted. |
| "As my March 21, 2014 report to Mr. Widmar . . . indicates, KPMG's conclusion regarding the expected cost basis to calculate the Section 1603 grant for Silver State South came within the guidelines that other tax practitioners were seeing approved by the Treasury." (*Id.*). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "To my knowledge, no one at First Solar ever took the position or came to the conclusion that the Silver State South PPA represented a separate intangible asset as a matter of tax law." (*Id.* at 6–7). | Foundation | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |

| "It was my understanding, the PPA was a market PPA when it was executed, and the pricing under the PPA was fixed. . . I did not agree with the suggestion that lowering construction costs equates with intangible asset value attributable to a fixed-price PPA." (*Id.* at 7). | Legal Conclusion | Overruled. | As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
|---|---|---|---|
| "During my time at First Solar, its position, in general, was that Internal Revenue Code Section 1060 did not apply to the sale by First Solar of projects such as Silver State South that had not started construction. Section 1060 applies only to an "applicable asset acquisition," which is defined as an acquisition of a group of assets that constitutes a trade or business. A project like Silver State South that has not started construction is not a trade or business." (*Id.*). | Legal Conclusion; Expert Opinion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. The application of IRC 1060 and applicable asset acquisition must be determined by the Court. |
| "I understand from Plaintiff's counsel that the Defendant continues to rely upon certain statements in the KPMG report as evidence that First Solar determined Section 1060 applies to the Silver State South transactions with NextEra." (*Id.*). | Foundation; Hearsay; Legal Conclusion | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. As to whether this statement constitutes inadmissible hearsay, the Court finds that this statement does not |

| | | | |
|---|---|---|---|
| | | | encompass an out-of-court statement and is not offered to prove the truth of the matter asserted. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "From my perspective I wasn't engaging KPMG to prepare a Section 1060 analysis. Ms. Neubauer never mentioned Section 1060 in her correspondence with Mr. Nelson, and my view and Mr. Nelson's view was very clear that Section 1060 could not apply to the Silver State South transaction or similar transactions." (*Id.* at 8). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. Based on the inapplicability of the specific objections, the statement is admissible. This ruling does not preclude objections made during the pendency of |

| | | | trial. |
|---|---|---|---|
| "As I discussed in my deposition, I advised KPMG upfront that I did not believe Section 1060 applied because Silver State South did not involve the sale of a trade or business." (*Id.*). | Hearsay; Legal Conclusion | Overruled. | As to whether this statement constitutes inadmissible hearsay, the Court finds that this statement does not encompass an out-of-court statement and is not offered to prove the truth of the matter asserted. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. Based on the inapplicability of the specific objections, the statement is admissible. This ruling does not preclude objections made during the pendency of trial. |
| "Among other things, I noted that IRC Section 1060 did not apply to the sale of the Silver State South project to NextEra . . .." (*Id.*). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court |

| | | | finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
|---|---|---|---|

### 9.  Michael O'Sullivan

Michael O'Sullivan recently retired from NextEra after having been Senior Vice President of Development. (Pl.'s Resp. Summ. J., Ex. B at 151).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "Question: What did Energy Resources pay for the Silver State South project company and the project assets held by the project company?<br><br>Answer: Energy Resources[3] paid approximately $92 million. This payment represented an amount roughly equal to costs and expenses previously paid by First Solar to develop the project through the closing date." (*Id.* at 153). | Foundation; Expert Opinion | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Question: When Energy Resources acquired Silver State South, was the | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this |

---

[3] This particular declarant refers to NextEra Energy Resources, LLC as "Energy Resources." The Court will continue to refer to this company and its subsidiaries collectively as "NextEra."

| | | | |
|---|---|---|---|
| project company engaged in any business activities?<br><br>Answer: No. The project company was not engaged in any business activities. Any activity by the project company at this stage was pre-business, early development activity." (*Id.* at 153–54). | | | statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "When the project company was acquired, it was years away from engaging in any active business." (*Id.* at 154). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |

| | | | |
|---|---|---|---|
| "Question: Is there a market for PPAs?<br><br>Answer: No. There is no market for PPAs as standalone documents/assets." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Question: Did Energy Resources view the SCE PPA for Silver State South as an 'above-market PPA'?<br><br>Answer: No. The PPA was competitively bid at the time and was the subject of a bilateral negotiation between First Solar's predecessor and SCE. After signing the PPA, SCE presented the PPA for approval to the California Public Utilities Commission ("CPUC"). The CPUC's approval was required before SCE could recover its costs from ratepayers. The CPUC approved the PPA, establishing that the PPA was not "above market." (*Id.*). | Foundation; Legal Conclusion; Expert Opinion | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts |

| | | | and issues presented in case and does not involve specialized scientific or technical knowledge. |
|---|---|---|---|
| "Question: Did Energy Resources pay a premium on account of the PPA (i.e., a premium above the cost of negotiating the PPA)?<br><br>Answer: No." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Question: Did Energy Resources agree to pay any portion of the fixed price under the EPC contract as a premium for the PPA or any of the development assets held by the project company?<br><br>Answer: No." (*Id.* at 154–155). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |

| | | | |
|---|---|---|---|
| "Question: Are PPAs comparable?<br><br>Answer: No." (*Id.* at 155). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |

**10. Daniel Nelson**

Daniel Nelson was formerly Vice President, Tax and Trade, at First Solar, serving as the global head of tax and managing the company's tax department. (Pl.'s Resp. Summ. J., Ex. B at 116).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "Section 1603 grants were provided in lieu of tax credits and was to follow the United States federal income tax rules – in particular, the rules applicable to the investment tax credit ([ITC])." (*Id.* at 118). | Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. The application of Section 1603 and similar tax rules are reserved for determination by the Court. |
| "The ITC and tax basis rules were well-settled and understood by tax practitioners and industry participants. The administrators of the Section 1603 program at Treasury, on the other hand, did not have tax | Expert Opinion; Legal Conclusion; Foundation | Overruled in part and sustained in part. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, |

| | | | |
|---|---|---|---|
| expertise and, to my knowledge, did not utilize the IRS's tax expertise. Treasury, instead, relied on advisers with little if any background in relevant tax matters." (*Id.* at 119). | | | their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing the first sentence of this statement to be admissible. However, as to the second sentence ("The administrators of the Section 1603 program at Treasury, on the other hand, did not have tax expertise and, to my knowledge, did not utilize the IRS's tax expertise. Treasury, instead, relied on advisers with little if any background in relevant tax matters."), the Court finds that an adequate foundation has not been laid allowing this statement to be admissible. |
| "During my time at First Solar, there were a number of areas where Treasury diverged from these well | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an |

| | | | |
|---|---|---|---|
| settled and understood ITC and tax basis rules and developed their own internal views." (*Id.*). | | | employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "One of the principal areas of divergence between the Treasury administrators, on the one hand, and the IRS and industry participants, on the other hand, involved the identification of intangible assets for United States federal income tax purposes and, specifically, whether a PPA was a separate intangible asset that was not eligible for the Section 1603 grant." (*Id.*). | Expert Opinion; Legal Conclusion; Foundation | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |

| | | | |
|---|---|---|---|
| "Priv. Ltr. Rul. 201214007 was not remarkable to me because it merely confirmed what tax practitioners already understood based on well settled and understood tax principles, namely that location-specific real estate leases are not stand-alone intangibles but represent the value of the underlying real estate being leased." (*Id.* at 120). | Expert Opinion; Legal Conclusion; Foundation; Hearsay | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Tax principles and rulings surrounding them are within the purview of the Court's interpretation. |
| "Later in 2012, the IRS published a second ruling (201249013) withdrawing Priv. Ltr. Rul. 201214007, apparently at Treasury's insistence . . .. This approach created uncertainty in the industry at a time when participants were making substantial investments under the Section 1603 mandate." (*Id.* at 120). | Foundation; Expert Testimony; Hearsay | Overruled in part and sustained in part. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing the first part statement to be admissible. As to whether the first part of the statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether the latter portion of the statement (". . .apparently at Treasury's insistence . . .. This approach created uncertainty in the industry at a time when participants |

| | | | |
|---|---|---|---|
| | | | were making substantial investments under the Section 1603 mandate.") qualifies as an expert opinion, this statement involves specialized scientific or technical knowledge which must be testified to by an expert witness. As to whether either part of the statement constitutes inadmissible hearsay, the Court finds that this statement does not encompass an out-of-court statement and is not offered to prove the truth of the matter asserted. |
| Throughout this period, I was of the firm view that a plant-specific PPA should not be treated as a separate intangible from the associated power plant. The relationship between a power plant and a plant-specific PPA can be analogized to the acquisition of property (e.g., a building) subject to a lease. The tax code, Internal Revenue Code ("IRC") Section 167(c)(2), provides that if property is acquired subject to a lease no portion of the cost is allocated to the leasehold interest. Instead, the entire cost is taken into account in determining the cost basis and depreciation deduction with respect to the property subject to lease. This IRC provision was enacted consistent | Legal Conclusion; Expert Opinion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Tax principles and implementation of the IRC are within the purview of the Court's interpretation. |

| | | | |
|---|---|---|---|
| with decades of court precedent, including a decision of the United States Supreme Court. These cases effectively hold that the income generating ability of an asset, such as real estate, is an inherent attribute of the tangible asset, not a separate intangible. This was not only my view; the IRS relied upon Section 167(c)(2) in Priv. Ltr. Rul. 201214007. This also was consistent with how leases and PPAs were treated, generally, for United States federal income tax purposes and, specifically, for ITC and depreciation purposes. (*Id.* at 120–121). | | | |
| "I also formed a view on whether a facility-specific PPA is a 'customer-based intangible' under IRC Section 197 while it remains a mere executory contract . . .. There are two reasons why a facility-specific may not meet this definition . . .." (*Id.* at 121). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Tax principles and implementation of the IRC are within the purview of the Court's interpretation. |
| "This position was not only consistent with the existing guidance from the IRS . . . it was consistent with my understanding . . .. I continue to believe this is the correct tax treatment of the PPA."  (*Id.* at 122). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Tax |

| | | | |
|---|---|---|---|
| | | | principles and treatment of the PPA are within the purview of the Court's interpretation. |
| "I repeat several of my comments to the KPMG report here which are relevant to the issues addressed in the Defendant's summary judgment filing: 2. Page 1 - they refer to Section 1060. I think they should footnote that this is not a 1060 transaction but that 1060 is referenced in the report for purposes of defining FMV for tax purposes. * * * 4. Page 2 - PPA - The description of the PPA should clearly address whether it's location-specific, and whether there are purchase options. As we know, location-specific PPA's mean that PPA is of nominal value until such time as the required facility is completed. * * * 6. Page 2/3 - The bullets should include reference to the fact that the PPA is facility-specific, and should ideally suggest that, accordingly, any "value" of the PPA is an inherent value of the Facility. Economic reference should ideally be made to leases and real estate, where the value of real estate is a function of the price of | Prior Consistent Statement | Overruled. | As to whether this is objectionable as a "prior consistent statement," the Court finds that the objection is improper for purposes of summary judgment and must be overruled. |

| | | | |
|---|---|---|---|
| underlying leases. My comments (# 4 and # 6) are consistent with my perspective and research as discussed above. I discuss the application of IRC Section 1060 in the separate section below." (*Id.* at 124–25). | | | |
| "IRC Section 1060 is the tax code section that addresses the allocation of purchase price in the case of the acquisition or sale of a going concern or active trade or business . . .. [i]t is well known to most tax practitioners." (*Id.* at 125). | Legal Conclusion; Expert Opinion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Tax regulations are within the purview of the Court's interpretation. |
| "As I explained in my deposition in the Desert Sunlight matter, I was very firm on the application of IRC Section 1060. On occasion, a seller or buyer would propose to add a provision to the agreements to the effect that IRC Section 1060 applied, as they liked the optical value of having an agreed-upon seller-buyer valuation. I philosophically disagreed that IRC Section 1060 applied or could apply in circumstances where First Solar was selling an unconstructed project. For that reason, I (or my team members at First Solar) would strike provisions in draft agreements, in those | Prior Consistent Statement; Expert Opinion | Overruled. | As to whether this is objectionable as a "prior consistent statement," the Court finds that the objection is improper for purposes of summary judgment and must be overruled. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |

| | | | |
|---|---|---|---|
| circumstances, that referenced IRC Section 1060. My recollection is that counterparties would almost always agree to drop the reference, as they well understood that Section 1060 was not applicable to these transactions. That said, they seemed to like the Section 1060 allocation in Agreements as they liked the optics that "agreed upon" buyer seller allocations have upon IRS audit." (*Id.* at 126). | | | |
| "This treatment of IRC Section 1060 was particularly true of Silver State South, where construction had not even started when it was sold to NextEra. There was not and could not be an active trade or business at this point in time. There was no power plant or any means to generate electricity and revenue. With the exception of the KPMG report discussed above, I do not recall any discussion between First Solar and NextEra regarding the application of IRC Section 1060 to Silver State South. We did not view that provision as applicable." (*Id.* at 126). | Expert Opinion; Legal Conclusion | Overruled in part and sustained in part. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that, with one exception, this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. However, the Court also finds that the portion stating, "[t]here was not |

| | | | |
|---|---|---|---|
| | | | and could not be an active trade or business at this point in time," purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. As such, that portion of the statement will not be considered by the Court. |
| "With respect to the KPMG report, my September 22, 2013 comments with respect to KPMG's report speak for themselves. I stated specifically that "this is not a 1060 transaction". It is consistent with First Solar's general position with respect to IRC Section 1060, in this same time period. I understood that KPMG was not reaching any conclusions in its report regarding the application of IRC Section 1060. Rather, they were referencing IRC Section 1060 "for purposes of defining FMV for tax purposes." If KPMG had a different view, I do not believe that view was ever conveyed to First Solar. I can state unequivocally that I did not make a determination that IRC Section 1060 applied to the Silver State South transactions. I also do not believe that Mr. Robertson or anyone else at First Solar made such a | Foundation; Expert Opinion; Relevance | Overruled. | As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether the statement is relevant, the Court finds that the statement is of probative value and tends to make a proposition of legal consequence more or less probable. |

| | | | |
|---|---|---|---|
| determination." (*Id.* at 126–27). | | | |
| "I do not think that Treasury was relying upon IRC Section 1060 to reallocate tax basis to PPAs in this time period . . .." (*Id.* at 127). | Foundation; Expert Opinion; Relevance | Sustained. | The Court finds that an adequate foundation has not been laid allowing this statement to be admissible. |

### 11. Kenneth Stein

Kenneth Stein has been a Manager of Environmental Permitting at NextEra since 2009. (Pl.'s Resp. Summ. J., Ex. D at 1). In that role, Stein oversees environmental permitting for various energy development projects, including the acquisition of Silver State. (*Id.* at 1–2).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "Delay would have been catastrophic to Silver State South. . . . Additionally, while there were environmental issues that were resolved before closing, the inherent environmental risk associated with Silver State South remained present through Commercial Operation Date (COD)." (*Id.* at 3). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Removing this transparency into mitigation measures created ill-will among the environmental groups. It also increased the risk that a public dispute would arise requiring Silver State South to defend potentially—and inevitably—costly legal action." (*Id.* at 5). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve |

| | | | |
|---|---|---|---|
| | | | specialized scientific or technical knowledge. |
| "In my view, a batched BO is not ideal because it increases the likelihood that a final BO will be re-opened due to some type of triggering event (e.g., wildlife injured, artifacts uncovered)." (*Id.* at 7). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "But Silver State South was not like other projects. The "take" during the construction period was four adult tortoises; and only three adults during the operating period." (*Id.* at 8). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "The situation was ripe for a Preliminary Injunction filing." (*Id.* at 9). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Ripeness and principles surrounding a Preliminary |

| | | | |
|---|---|---|---|
| | | | Injunction are left to the interpretation of the Court. |
| "The environmental issues with the Ivanpah project—a physically huge project that had tortoise and avian impacts—had left a bad impression. It was highly unlikely litigation would not be sought by environmental organizations." (*Id.* at 11). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "There were many significant risks with Silver State South- among others, outstanding litigation, ongoing cultural risks, and of course, the substantial environmental issues. Some, but not all, of the development risks associated with Silver State South were resolved before NextEra closed on the acquisition. Some risks were specifically allocated to First Solar under the separate Engineering, Procurement, and Construction agreement | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |

| | | | |
|---|---|---|---|
| between the parties. However, NextEra inherited many of these risks- the ongoing litigation and inherent risks associated with owning a solar facility in the development and construction phase." (*Id.* at 15). | | | |

### 12. Robert Stephens

Robert Stephens has been a tax specialist in NextEra's tax department since 1999 and is currently Senior Tax Counsel. (Pl.'s Resp. Summ. J., Ex. F at 1). Stephens' responsibilities include tax research, transaction work, tax work related to development activities and project acquisitions, tax compliance, and the Section 1603 grant. (*Id.*).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "The IRS's conclusion in Private Letter Ruling . . . was consistent with NextEra's longstanding position regarding unit-contingent PPAs . . .. [analysis of Treasury paper]." (*Id.* at 4). | Legal Conclusion; Expert Opinion | Overruled. | As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Treasury's position was | Expert Opinion; | Overruled in | As to whether this |

| never clearly defined, and there was no legal support provided." (*Id.*). | Legal Conclusion | part and sustained in part. | statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that the first portion of this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. However, the Court finds that the second portion (". . . and there was no legal support provided.") purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. |
|---|---|---|---|
| "Treasury's position created confusion and uncertainty among market participants and was inconsistent with the applicable tax rules. At the end of the process, Treasury issued generic award letters that did not provide any meaningful explanation for reducing grants. There was no | Expert Opinion; Legal Conclusion | Sustained in part and overruled in part. | As to whether the first sentence of this statement ("Treasury's position created confusion and uncertainty among market participants and was inconsistent with the applicable tax rules.") qualifies as an expert opinion, this statement involves specialized scientific or technical |

| | | | |
|---|---|---|---|
| administrative appeal process like there is within the IRS. Applicants were faced with the decision of either accepting Treasury's reduction or litigating the reduction. NextEra and other applicants had to navigate through this process in a number of cases." (*Id.* at 5). | | | knowledge which must be testified to by an expert witness. As to whether the remainder of this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "NextEra's unit-contingent PPA position was confirmed by the United States Court of Federal Claims in *Alta Wind I Owner-Lessor C et al. v. United States*, 12.8 Fed. Cl. 702 (Fed. Cl. 2016). In *Alta Wind*, the Court of Federal Claims concluded that PPAs should be treated like land leases, which are not treated as separate assets from the land, and that "the close nexus between the wind farm facilities and their respective PPAs means that | Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Interpretation and application of case law are legal concepts within the discretion of the Court. |

| | | | |
|---|---|---|---|
| the PPAs cannot be viewed as separate intangible assets." 128 Fed. Cl. at 721. The Court of Federal Claims' decision was consistent with the reasoning of Private Letter Ruling 201214007 and NextEra's position on unit-contingent PPAs. The Court of Appeals for the Federal Circuit vacated the Court of Federal Claims' decision, in July 2018, but did not address the unit-contingent PPA issue." (*Id.* at 5–6). | | | |
| "Moreover, the facts of Silver State South, in my view, compared favorably to the facts of *Alta Wind* because NextEra purchased Silver State South as a "greenfield project"—before any construction had started and years before it became operational. Treasury, however, declined to follow the Court of Federal Claims' decision . . .." (*Id.* at 6). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. Interpretation and application of case law are legal concepts within the discretion of the Court. |
| "Based on my experience with the Silver State South transactions, and my perspective as a tax specialist, I do not agree that there was any combined value or that the parties ever intended to agree to a simple price . . .. I do not agree with Treasury's or Defendant's characterization . . .." (*Id.* | Expert Opinion | Sustained. | As to whether this statement qualifies as an expert opinion, this statement ascribes value to the transaction as a whole and therefore involves specialized scientific or technical knowledge which must be testified to by an expert witness. |

| at 9). | | | |
|---|---|---|---|
| "I further disagree that NextEra paid a premium on account of the PPA or that value was transferred from the MIPSA to the EPC . . .." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "As discussed above, NextEra had several pending applications before Treasury when the negotiations with First Solar started in earnest in 2013. Treasury had started raising issues regarding the pricing of projects and the valuation of PPAs. Treasury had developed certain internal benchmarks about what the development and construction costs and profit markups should be and applied those benchmarks to scrutinize Section 1603 grant applications. NextEra was experiencing, in this same timeframe in 2013, potential reductions in its grant awards (but nowhere even close to the magnitude that Treasury would later propose for projects like Silver State | Legal Opinion | Overruled. | As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |

| | | | |
|---|---|---|---|
| South)." (*Id.* at 9). | | | |
| "NextEra's concern was focused on Treasury's conduct . . .. The indemnity provision was not intended as acceptance of Treasury's position." (*Id.* at 10). | Expert Opinion; Foundation | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to the adequacy of foundation prior to this statement, the Court finds that proper foundation has been laid as to Declarant's role in the subject transaction or industry allowing this statement to be admissible. |
| "Trade or business is a well-established concept under the tax law, and it is a concept that pervades the day-to-day practice of tax departments like NextEra's. In my experience, a development stage, preconstruction project like Silver State South cannot be a trade or business. NextEra did not acquire a trade or business when it acquired the Silver State South project in May 2014. For these reasons, we concluded that IRC Section 1060 did not apply." (*Id.* at 12). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. Based on the inapplicability of the specific objection, the statement is admissible. This ruling does not |

| | | | preclude objections made during the pendency of trial. |
|---|---|---|---|
| "Indirect costs are identified and allocated to the tangible property items in the cost segregation study on a pro rata basis in accordance with the cost capitalization rules under IRC Section 263(a) and IRC Section 263A." (*Id.* at 14). | Legal Conclusion | Overruled. | As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. |
| "The Management Reports are required by the independent accountant examination procedures and were executed in exactly the form prescribed by those procedures (see Exhibit 3, page 3)." (*Id.* at 15). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "EY's team included several of the most reputable and highly-experienced technical experts in renewable energy transactions and cost segregation analysis in the country . . .." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |

| | | | |
|---|---|---|---|
| "Those certifications are provided in accordance with the AICPA attestation procedures prescribed by Treasury." (*Id.* at 16). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "Silver State South was a development stage, preconstruction project, and not a trade or business to which goodwill or going concern value could under any circumstances attach." (*Id.* at 17). | Expert Opinion; Legal Conclusion | Overruled in part and sustained in part. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that the first sentence is based on the declarant's opinion developed through the regular course of business and does not purport to explain, analyze, or decide legal concepts. However, the Court finds that the portion containing ". . . not a trade or business to which goodwill or going concern value could under |

| | | | |
|---|---|---|---|
| | | | any circumstances attach," purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. |
| "Based on my experience, valuation is required in only two circumstances . . .." (*Id.* at 18). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "However, after analyzing the circumstances in the paper, we determined that Silver State South did not involve any peculiar circumstances that would require a valuation. Notably, there were no affiliated parties or related transactions (as described in Treasury's paper) present in the acquisition of Silver State South." (*Id.*). | Expert Opinion; Legal Conclusion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. As to whether this qualifies as a legal conclusion, the Court finds that this statement is based on the declarant's opinion developed through the regular course of business and does not |

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| | | | purport to explain, analyze, or decide legal concepts. |
| "GAAP treatment of transactions and assets is often different from their federal income tax treatment. Specifically, tax does not recognize a services contract like the EPC Agreement as a liability." (*Id.*). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this statement qualifies as an expert opinion, this statement interprets Generally Accepted Accounting Principles and involves specialized scientific or technical knowledge which must be testified to by an expert witness. |
| "Although SSSPS's applications satisfied all of the requirements set forth in Section 1603 in order to qualify for the full cash grant amounts requested, . . .." (*Id.* at 20). | Expert Opinion; Legal Conclusion | Sustained. | As to whether this qualifies as a legal conclusion, the Court finds that this statement purports to explain, analyze, or decide legal concepts which must be determined by the Court after consideration of all facts and evidence. The application of Section 1603 and similar tax rules are reserved for determination by the Court. |

**13. Steven Wozniak**

Steven Wozniak is currently Chief Engineer, PV Power Plant Development and Execution at First Solar and was previously a Senior Director and an Electrical Engineering Manager. (Pl.'s Resp. Summ. J., Ex. G at 1). Wozniak is responsible for project execution through the development period until "hand-over" to the customer in all phases of engineering, procurement, management & construction. (*Id.*).

| Statement | Objection | Ruling | Rationale |
|---|---|---|---|
| "I have not identified any amounts being invoiced or any payments being made on account of any power purchase agreement. . . . Based on my examination of the invoices and associated documentation, | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal |

| | | | |
|---|---|---|---|
| I did not find any amounts being invoiced or any payments being made on account of this PPA." (*Id.* at 3–4). | | | knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I did not find any amounts under those change orders being invoiced or any payments being made on account of the PPA." (*Id.* at 4). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I did not find any amounts under those materials being invoiced or any payments being made on account of the PPA." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
| "I did not find any amounts under those materials being invoiced or any payments being made on account of the PPA." (*Id.*). | Expert Opinion | Overruled. | As to whether this statement qualifies as an expert opinion, this statement was made by an employee based on perceptions during their |

| | | | course of business. Since employee had personal knowledge of this industry, their statement is helpful to clear understanding of facts and issues presented in case and does not involve specialized scientific or technical knowledge. |
|---|---|---|---|

Relevant statements of the sustained objections will not be considered for purposes of the pending motion for summary judgment. Should the declarants be produced at trial, they should be instructed that those specific statements are inadmissible.

The Court has filed this ruling under seal. The parties shall confer to determine proposed redactions to which all the parties agree. By no later than October 19, 2020, the parties shall file a joint status report indicating their agreement with the proposed redactions, attaching a copy of those pages of the Court's ruling containing proposed redactions, with all proposed redactions clearly indicated. The parties also shall, by the same date, file any redacted versions of documents they filed under seal in this case to the extent such redacted versions have not already been filed.

**IT IS SO ORDERED.**

s/     David A. Tapp
DAVID A. TAPP, Judge